UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60833-CIV-MORENO/SIMONTON

ROBERTO MARTINEZ, as court-appointed
Receiver for MUTUAL BENEFITS CORP.
and VIATICAL BENEFACTORS, LLC,

    Plaintiff,

v.

MAJESTIC FARMS, INC.,

    Defendant,
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

Presently pending before this Court is Plaintiff's Motion 1) For Sanctions For Failure To Comply With Court's Order Granting Motion To Compel Production of Rule 30(b)(6) Witness; and 2) For Order To Show Cause Why Defendant Should Not Be Held In Contempt of Court (DE # 78). This motion is referred to the undersigned Magistrate Judge (DE # 82). The motion is fully briefed (DE ## 80, 83). For the reasons stated below, the Motion is granted in part and denied in part.

I. Background

On September 18, 2006, this Court entered a summary judgment against Defendant, in the amount of $165,000.00 (DE # 56).[1] As of November 21, 2007, Defendant had not paid the judgment.

Plaintiff is attempting to execute upon the judgment. Plaintiff's efforts include taking discovery in aid of execution. To assist in identifying the status and whereabouts of assets owned by Defendant, on July 12, 2007, Plaintiff served a subpoena on

---

[1] The facts in this section are largely taken from the instant motion.

**Defendant to take testimony on July 25, 2007 from a corporate representative, pursuant to Rule 30(b)6). One of the deposition topics identified in the notice was the whereabouts of all assets held, acquired, disposed of, or sold by Defendant from December 8, 2006 to the present (Ex. A to DE # 78).**

**At the request of Defendant's counsel, the date for the deposition was changed to August 2, 2007 (Ex. B to DE # 78). On that date, no witness or counsel for Defendant appeared, no notice was provided of the non-appearance, and there was no request to further continue the deposition.**

**On August 22, 2007, Plaintiff filed a motion to compel production of the corporate representative for deposition within fourteen calendar days (DE # 63). Defendant did not respond to the motion. On September 17, 2007, the District Court granted the motion by default (DE # 67). On September 20, 2007, Defendant filed a motion for reconsideration, stating that Defendant's representative, Leslie Steinger, had been diagnosed with pancreatic cancer, and that his life expectancy was very short, and his mobility was limited. Defendant asked that Plaintiff propound written interrogatories in aid of execution in lieu of taking a Rule 30(b)(6) deposition (DE # 71).[2] On October 8, 2007, the District Court denied the motion for reconsideration, stating that Defendant must produce an individual for deposition who would serve as a corporate representative and who could produce corporate records, and that Leslie Steinger was not required to be that representative (DE # 75). The parties subsequently agreed to hold the deposition on November 21, 2007, and Plaintiff renoticed the deposition (Ex. E to DE # 78).**

**On November 21, 2007, Defendant produced Joel Steinger for the deposition.**

---

[2] **Plaintiff states that Leslie Steinger is Defendant's registered agent and sole officer (DE # 78 at 4).**

2

**Joel Steinger refused to answer any questions, invoking his Fifth Amendment privilege. See Ex. G to DE # 78.**

**This motion followed.**

**II. <u>The Instant Motion</u>**

**In this motion, Plaintiff asks that Defendant, Leslie Steinger and Joel Steinger, be sanctioned pursuant to Fed.R.Civ.P. 37(b)(2), in the amount of $1,739.60 which represents five hours of counsel's time at $300.00 an hour, being the approximate amount of time that Plaintiff's counsel has spent: 1) trying to depose Defendant; 2) moving to compel Defendant's deposition; 3) responding to the motion for reconsideration; 4) wasting time when Joel Steinger appeared and refused to testify by invoking his Fifth Amendment privilege in response to every question; and 5) preparing the instant motion. Plaintiff also asks that the sanction include the Court Reporter's invoice for $239.60 for the deposition at which Joel Steinger refused to testify.**

**Plaintiff also asks this Court, pursuant to Rule 37(b)(1), to enter an order for Defendant to show cause why it, Leslie Steinger and Joel Steinger should not be held in civil contempt. Plaintiff asks that the order impose a further sanction of $500.00 per business day following the order until Defendant complies with the Court's order and produces a corporate representative for deposition (DE # 78).**

**Defendant, Joel Steinger and Leslie Steinger respond initially that the notice of deposition did not request the corporate representative to produce documents. Joel Steinger asserts that sanctioning him for invoking his Fifth Amendment privilege and refusing to answer questions as a corporate representative of Defendant would improperly punish him for exercising his Fifth Amendment right not to testify. Leslie Steinger and Joel Steinger also assert that they are not parties to this action and that the**

**Court does not have jurisdiction over them, as they are not parties and have never been served individually with a deposition subpoena. Defendant then states that since its decision to designate Joel Steinger as its corporate representative for deposition was not the result of a willful or deliberate design to disobey the Court's order, it should not be subject to sanctions for so doing. Defendant asserts that while the Court ordered Defendant to produce a corporate representative who could produce records, Plaintiff chose to notice the 30(b)(6) deposition solely for the purpose of taking oral testimony. Defendant speculates that Plaintiff did not ask Defendant to produce documents because Plaintiff is already in possession of all of Defendant's records. Defendant also asks the Court to impose the least onerous sanctions available (DE # 80).**

**In reply, Plaintiff states that Defendant did not comply with the Court's Orders by designating Joel Steinger, whom it knew would not answer questions, as its corporate representative. Plaintiff states that since Defendant does not have and cannot assert a Fifth Amendment privilege, Defendant was required to designate a corporate representative to answer questions, even if Defendant had to hire someone to do so. Plaintiff asserts that Defendant is required to designate someone who is provided with sufficient knowledge to testify knowledgeably on the topics listed in the Rule 30(b)(6) subpoena. Plaintiff also asserts that Joel Steinger should be sanctioned pursuant to Rule 37(b)(2) as a "member" of Defendant who failed to obey an order to provide discovery, and that Leslie Steinger should be sanctioned pursuant to Rule 37(b)(2) as the "managing member" of Defendant (DE # 83).**

### III.  Analysis

**A.  Defendant Must Provide and Prepare a Corporate Representative for a Rule 30(b)(6) Deposition**

It is undisputed that Defendant, as a corporation, does not have a Fifth Amendment privilege against self-incrimination, and, so must provide a corporate representative for a deposition.  It is also undisputed that Leslie Steinger is Defendant's sole officer and registered agent, and is gravely ill with pancreatic cancer.  It is further undisputed that Joel Steinger has a Fifth Amendment privilege against self-incrimination, and, so, cannot be compelled to answer questions as Defendant's corporate representative at a Rule 30(b)(6) deposition.  This is not an uncommon situation.  In *City of Chicago, Ill. v. Wolf*, 1993 WL 177020 (N.D. Ill. May 21, 1993), the plaintiffs subpoenaed two non-party corporations to produce documents and to produce corporate representatives for deposition, pursuant to Rule 30(b)(6).  The corporations produced the requested documents, but did not produce a corporate representative for deposition on the ground that there was no knowledgeable witness who would not invoke his Fifth Amendment privilege.  The Court noted that corporations do not have a Fifth Amendment privilege and can be compelled to answer questions through an agent who will not invoke the Fifth Amendment, even if this means that the corporations must retain a person not previously associated with the corporation so that person can answer the questions.  If the retained corporate representative has limited or no knowledge, he must be provided with sufficient knowledge so that he can determine from the corporate documents information such as the ownership of the corporation, the corporate assets, and other information that a knowledgeable person ordinarily could glean from corporate records.  The Court noted that any persons at the corporation who

had an individual Fifth Amendment privilege were not required to provide information to the corporate representative that was solely contained in the privileged person's memory and was not implied by a document.  This would ensure that the persons asserting a Fifth Amendment privilege would not be compelled to provide protected testimony to the corporate representative and indirectly testify. *Id.* at 1-2.

The undersigned finds that *Wolf* provides the best procedure to follow here. Therefore, on or before February 29, 2008, Defendant must designate a corporate representative for the noticed Rule 30(b)(6) deposition who has knowledge of the corporate documents of Defendant and who will not invoke any Fifth Amendment privilege.  If there is no person presently associated with Defendant with sufficient knowledge, Defendant must retain a person not previously associated with the corporation so that person can answer the questions.  If the retained corporate representative has limited or no knowledge, Defendant must provide him with sufficient knowledge so that he can determine from the corporate documents the information required by the subpoena, as well as other information that a knowledgeable person ordinarily could glean from corporate records.  Joel Steinger is not required to provide information to the corporate representative that is solely contained in Joel Steinger's memory and which is not implied by a document.  This will ensure that Joel Steinger is not compelled to provide protected information to the corporate representative and, thus, testify indirectly.

### B. The Motion For Rule 37(b)(2) Sanctions Against Defendant Is Granted

The District Court's October 8, 2007 Order denying Defendant's motion for reconsideration required Defendant to produce an individual for deposition who will serve as a corporate representative and who can produce corporate records, and who

was not required to be Leslie Steinger. Old World apparently provided documents by the date ordered. However, Defendant did not produce an individual for deposition who would serve as a corporate representative and who would produce corporate records as ordered, but instead on November 21, 2007 produced Joel Steinger as its corporate representative. Joel Steinger asserted his Fifth Amendment privilege and refused to answer any questions. Rule 37(b)(2) states that a party that fails to obey an order compelling the discovery shall pay the reasonable attorney's fees caused by the failure. The undersigned finds reasonable the $1,739.60 in attorney's fees and costs requested as a sanction by Plaintiff. Therefore, on or before February 11, 2008, Defendant shall pay the sum of $1,739.60 to Plaintiff as a Rule 37(b)(2) sanction.

> C. <u>The Motion For An Order To Show Cause Why Defendant, Leslie Steinger and Joel Steinger Should Not be Held In Contempt of Court Is Denied Without Prejudice</u>

Plaintiff's motion for an order to show cause why Defendant, Leslie Steinger and Joel Steinger should not be held in civil contempt, pursuant to Rule 37(b)(1), is denied without prejudice. Plaintiff may renew the motion if Defendant does not produce a prepared corporate representative for deposition pursuant to this Order.

> D. <u>Plaintiff's Motion To Sanction Joel Steinger and Leslie Steinger Pursuant to Rule 37 (b)(2) Is Denied</u>

Plaintiff's motion to sanction Joel Steinger and Leslie Steinger, pursuant to Rule 37(b)(2), is denied. It is undisputed that Joel Steinger has the right to invoke his Fifth Amendment right against self-incrimination. Thus, it is unclear why he should be sanctioned pursuant to Rule 37(b)(2) for properly invoking his Fifth Amendment privilege. *See In re Anthracite Coal Antitrust Litigation*, 82 F.R.D. 364, 368 (M.D. Pa. 1979). Leslie Steinger did not appear for deposition and did not invoke his Fifth

**Amendment privilege as a corporate representative of Defendant Moreover, Plaintiff has not provided any authority which supports imposing Rule 37(b)(2) sanctions against either Joel Steinger or Leslie Steinger, neither of whom is a party in this action and neither of whom has been individually served with a subpoena.**

**Therefore, for the reasons stated above, it is hereby**

**ORDERED AND ADJUDGED that Plaintiff's Motion 1) For Sanctions For Failure To Comply With Court's Order Granting Motion To Compel Production of Rule 30(b)(6) Witness; and 2) For Order To Show Cause Why Defendant Should Not Be Held In Contempt of Court (DE # 78), is GRANTED in part and DENIED in part as follows:**

**1.  On or before February 29, 2008, Defendant shall procure and prepare a corporate representative to appear for Rule 30(b)(6) deposition pursuant to Plaintiff's October 18, 2007 notice of deposition.**

**2.  The motion to sanction Defendant, pursuant to Rule 37(b)(2), is GRANTED. On or before February 11, 2008, Defendant shall pay the sum of $1,739.60 to Plaintiff.**

**3.  The motion to sanction Joel Steinger and Leslie Steinger pursuant to Rule 37(b)(2) is DENIED.**

**4.  The motion for an order to show cause why Defendant, Joel Steinger and Leslie Steinger should not be held in contempt of court pursuant to Rule 37(b)(1) is DENIED without prejudice to renew after the deposition of Defendant's**

corporate representative.

**DONE AND ORDERED** in chambers in Miami, Florida on January 28, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to :
The Honorable Federico A. Moreno,
    Chief United States District Judge
All counsel of record